IN THE CIRCUIT COURT
FOR ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| ALLEN R. CALDWELL,<br><br>　　Plaintiff,<br><br>v.<br><br>SAINT LOUIS UNIVERSITY,<br><br>Serve:　William R. Kauffman<br>　　　　Vice President & General Counsel<br>　　　　Secretary of the University<br>　　　　221 N. Grand Blvd.<br>　　　　DuBourg Hall 219<br>　　　　St. Louis, MO 63108<br><br>and<br><br>TENET HEALTH SYSTEM SL, INC.,<br>d/b/a SAINT LOUIS UNIVERSITY HOSPITAL,<br><br>Serve:　The Corporation Company<br>　　　　120 South Central<br>　　　　Clayton, MO 63105<br><br>and<br><br>RICHARD BUCHOLZ, M.D.,<br><br>Serve:　3635 Vista at Grand<br>　　　　St. Louis, MO 63110<br><br>　　Defendants. | Cause No.: 1022-CC10505<br><br>Division:　1<br><br>Personal Injury/Medical Malpractice<br><br>In Excess of $25,000<br><br>JURY TRIAL DEMANDED |

## PETITION

COMES NOW plaintiff and for his claims and causes of action against the defendants, and each of them, states:



1

1. Plaintiff Allen R. Caldwell is a citizen and resident of the State of Missouri.

2. Plaintiff Allen R. Caldwell was "first injured" in the City of St. Louis, Missouri and venue is therefore proper in the Circuit Court of the City of St. Louis, Missouri.

3. Defendant Saint Louis University owns and operates Saint Louis University School of Medicine and employs physicians who provide health care services to the public, for consideration. Defendant Saint Louis University is therefore engaged in the practice of medicine.

4. At all times herein-mentioned, defendant Saint Louis University acted by and through its agents, servants and employees who acted within the scope and course of that agency and employment.

5. Defendant Tenet Health System SL, Inc. is a corporation which owns, operates, maintains and controls a hospital in the City of St. Louis, Missouri which is known as Saint Louis University Hospital. Defendant Tenet Health System SL, Inc. is therefore engaged in the practice of medicine.

6. At all times herein-mentioned, defendant Tenet Health System, SL, Inc. acted by and through its agents, servants and employees who acted within the scope and course of that agency and employment.

7. Defendant Richard Bucholz, M.D. is a physician who is employed by defendant Saint Louis University and/or defendant Tenet Health System SL, Inc. to provide medical care and treatment to patients at Saint Louis University Hospital

in the City of St. Louis, Missouri. Defendant Richard Bucholz, M.D. is therefore engaged in the practice of medicine.

8. At all times herein-mentioned, defendant Richard Bucholz, M.D. acted as the agent, servant and employee of defendants Saint Louis University and Tenet Health System SL, Inc., and each of them, within the scope and course of that agency and employment.

9. At all times herein-mentioned each of the defendants acted as the agent, servant and employee of the other defendants, and each of them, within the scope and course of that agency and employment.

10. Prior to August 25, 2008 the defendants, and each of them, accepted plaintiff as a patient to evaluate his condition and in doing so, performed diagnostic tests and studies upon him and recommended that he undergo brain surgery.

11. On August 25, 2008, defendant Richard Bucholz, M.D. performed a surgical procedure upon plaintiff Allen R. Caldwell described as a craniotomy and resection of mesial temporal lobe tumor at Saint Louis University Hospital.

12. During the surgical procedure performed by defendant Richard Bucholz, M.D. upon plaintiff Allen R. Caldwell at Saint Louis University Hospital on August 25, 2008, plaintiff Allen R. Caldwell suffered a "stroke."

13. Plaintiff Allen R. Caldwell would not have sustained the "stroke" on August 25, 2008 but for the performance of the surgical procedure described as a craniotomy and resection of medial temporal lobe tumor by defendant Richard Bucholz, M.D. at Saint Louis University Hospital on August 25, 2008.

3

14. The "stroke" that plaintiff Allen R. Caldwell suffered during the performance of the surgical procedure on August 25, 2008 was directly and proximately caused by the carelessness and negligence of the defendants, and each of them, in the following respects to-wit:

   a. defendants negligently and carelessly diagnosed the plaintiff as having a brain tumor when, in fact, he did not have a brain tumor;

   b. defendants negligently and carelessly recommended to plaintiff that he undergo a surgical procedure to remove a brain tumor when, in fact, he did not have a brain tumor;

   c. defendants negligently and carelessly failed and omitted to conduct adequate and proper tests, evaluations and studies to confirm that plaintiff Allen R. Caldwell had a brain tumor before recommending that he undergo, and performing, a surgical procedure to remove the mass which had been misdiagnosed as a brain tumor;

   d. defendants negligently and carelessly performed brain surgery upon plaintiff Allen R. Caldwell when they should have known that such surgery was unnecessary and unwarranted;

   e. defendants negligently and carelessly performed a surgical procedure upon plaintiff Allen R. Caldwell which was unnecessary and unwarranted;

   f. defendants negligently and carelessly performed brain surgery upon plaintiff Allen R. Caldwell;

4

g. defendants negligently and carelessly committed an assault and battery upon plaintiff Allen R. Caldwell;

h. defendants negligently and carelessly caused, allowed and permitted plaintiff Allen R. Caldwell to suffer a "stroke" while he was in their care, custody and control.

15. As a direct and proximate result of the carelessness and negligence of the defendants, and each of them, plaintiff was caused to suffer a stroke; he was caused to suffer an injury to his brain, nerves, muscles and nervous system; he was caused to suffer injury to and impairment of his ability to think, remember, and control the nerves and muscles within his body; he was caused to lose the use, movement and function of his body; he was caused to become totally disabled and handicapped; he lost the ability to work, labor and enjoy the ordinary pursuits of life; he was caused to suffer severe pain; he was caused to suffer, in addition to his physical pain, mental and emotional injuries including stress, depression, anxiety, frustration, humiliation and embarrassment.

16. As a direct and proximate result of the carelessness and negligence of the defendants, and each of them, plaintiff has been required to undergo extensive medical, nursing, rehabilitative and therapeutic care and treatment. He has incurred expenses for that care and treatment in the past, and will continue to incur such expenses in the future.

17. As a direct and proximate result of the carelessness and negligence of the defendants, and each of them, plaintiff has been required to purchase

medicines, supplements, and assistive devices, including walkers, wheel chairs, and ramps, and has been required to expend large sums of money to adapt his home for life as a disabled and handicapped person. He will continue to require such things, and incur such expenses, in the future.

18. As a direct and proximate result of the carelessness and negligence of the defendants, and each of them, plaintiff has lost wages, earnings and income, and loss of earning capacity. He will continue to suffer such damages in the future.

WHEREFORE, plaintiff states that he has been injured and damaged and prays judgment in his favor against the defendants, and each of them, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) which is fair and reasonable together, with his costs in this behalf expended.

PAUL J. PASSANANTE, P.C.
& ASSOCIATES

By: _____
Paul J. Passanante, #25266
Dawn M. Besserman, #55177
*Attorneys for Plaintiff*
1010 Market Street, Ste. 1650
St. Louis, MO 63101
pjp@passanantelaw.com
dmb@passanantelaw.com
(314) 621-8884
(314) 621-8885 Fax