IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN R. CALDWELL,<br><br>    Plaintiff,<br><br>v.<br><br>SAINT LOUIS UNIVERSITY,<br>TENET HEALTH SYSTEM SL, INC.,<br>d/b/a SAINT LOUIS UNIVERSITY<br>HOSPITAL, and<br>RICHARD BUCHOLZ, M.D.,<br><br>    Defendants. | Cause No.: 4:10-cv-01768-DJS<br><br>Personal Injury/Medical<br>Malpractice<br>In Excess of $25,000<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT RICHARD BUCHOLZ, M.D.'S MOTION TO DISMISS

COMES NOW plaintiff, by and through his attorneys of record, pursuant to Local Rule 7-4.01, and for his Memorandum in Opposition to defendant Richard Bucholz, M.D.'s Motion to Dismiss, states as follows:

1. Plaintiff filed this medical negligence case in the Circuit Court for the City of St. Louis, Missouri on August 11, 2010.

2. In his Petition, plaintiff alleges claims of medical negligence against defendants Saint Louis University, Tenet Health System SL, Inc. d/b/a Saint Louis University Hospital, and Richard Bucholz, M.D.

3. Plaintiff's claims and cause of action arise out of medical care and treatment that he received, in part, at Saint Louis University Hospital when

1

defendant Richard Bucholz, M.D. performed an unnecessary surgical procedure upon him, namely a craniotomy and resection of mesial temporal lobe tumor.

4. On September 20, 2010, defendant Richard Bucholz, M.D. filed a notice of removal to this Court and contemporaneously filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5. In his motion to dismiss, defendant Richard Bucholz, M.D. claims that he performed diagnostic tests and provided pre-operative treatment to plaintiff at the John Cochran St. Louis Veterans Administration Medical Center, that he was at that time an employee of the United States Government through the Department of Veterans Affairs, and that he is therefore immune from civil prosecution in his individual capacity pursuant to 28 U.S.C. §2679(b). Defendant Richard Bucholz, M.D. contends that as such, plaintiff has failed to state a claim upon which this Court can grant relief.

6. Plaintiff's Petition clearly states a claim against defendant Richard Bucholz, M.D. under the federal pleading standards, and therefore dismissal under Rule 12(b)(6) is inappropriate.

7. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Swartzbaugh v. State Farm Ins. Companies*, 924 F.Supp. 932, 934 (E.D. Mo. 1995).

8. In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

9. In order to prove a claim for medical negligence under Missouri law, a plaintiff must establish the following: "1) an act or omission of the defendant failed to meet the required standard of care; 2) the defendant was negligent in the performance of the act or omission; and 3) the act or omission caused the plaintiff's injury." *Montgomery v. South County Radiologists, Inc.*, 168 S.W.3d 685, 691 (Mo. App. E.D. 2005) (citing *Echard v. Barnes-Jewish Hospital*, 98 S.W.3d 558, 565 (Mo. App. E.D. 2002)).

10. Plaintiff's Petition avers factual allegations sufficient to support a claim of medical negligence against defendant Richard Bucholz, M.D. Specifically, plaintiff has alleged that:

> a. defendant is a physician employed by defendant Saint Louis University and/or defendant Tenet Health System, SL, Inc. to provide medical treatment to patients at St. Louis University Hospital and is therefore engaged in the practice of medicine. See, Petition, ¶7.
>
> b. at all times pertinent to the cause of action, defendant had an agency relationship with defendants Saint Louis University and defendant Tenet Health System, SL, Inc. See, Petition, ¶8.
>
> c. prior to August 25, 2008, defendant accepted plaintiff as a patient, performed diagnostic tests on him and recommended that he undergo brain surgery. See, Petition, ¶10.

   d. on August 25, 2008, defendant performed a surgical procedure described as a craniotomy and resection of mesial temporal lobe tumor on plaintiff at Saint Louis University Hospital, during which plaintiff suffered a "stroke." See, Petition, ¶¶11-12.

   e. plaintiff would not have suffered the "stroke" but for the surgical procedure performed on him by defendant at Saint Louis University Hospital. See, Petition, ¶13.

   f. the "stroke" plaintiff suffered during the surgical procedure was directly and proximately caused by defendant negligently and carelessly: diagnosing plaintiff as having a brain tumor, when he did not have one; recommending a surgical procedure to remove a brain tumor when plaintiff did not have one; failing to conduct the proper tests before recommending and performing the surgical procedure on plaintiff; performing brain surgery on plaintiff when defendant should have known it was unwarranted; performing brain surgery on plaintiff that was unwarranted; performing brain surgery on plaintiff; committing an assault and battery on plaintiff; and causing, allowing and permitting plaintiff to suffer a "stroke" while he was in defendant's care. See, Petition, ¶14.

   g. as a direct and proximate result of the carelessness and negligence of defendant, plaintiff was caused to suffer a "stroke" and to become totally disabled and handicapped. See, Petition, ¶15.

11. Accepting all of plaintiff's averments as true, plaintiff's Petition clearly states a claim for relief.

12. Defendant Richard Bucholz, M.D. nevertheless argues that plaintiff fails to state a claim for relief because defendant was a federal employee at the time he rendered diagnostic and pre-operative medical care and treatment to plaintiff.

13. However, defendant provides absolutely no support for these allegations in his motion as required by Local Rule 7-4.01(A).

4

14. Defendant's motion improperly introduces unsupported facts outside of the pleadings, and defendant has failed to provide this Court or plaintiff with any evidence to support his claim that he was a federal employee at all relevant times.

15. Such unsupported allegations are grounds to deny the defendant's motion to dismiss. See, e.g., *Johnson v. C.F.J. Park, Inc.*, No. 4:05CV509, 2005 WL 3213905, at *2 (E.D. Mo. Nov. 30, 2005).

16. Furthermore, the filing of defendant's motion to dismiss is premature, as no discovery has yet been conducted in this case. Accordingly, plaintiff has not had the opportunity to discover the employment and agency status among and between the defendants, and to discover the facts which would refute or support defendant's claim that he was a federal employee at the time he rendered medical care and treatment to plaintiff.

17. Because plaintiff's Petition sufficiently alleges a claim for relief against defendant Richard Bucholz, M.D., because defendant has failed to provide any evidence to support his allegations that he was a federal employee, and because plaintiff has not yet had the opportunity to conduct discovery in this case, defendant's motion to dismiss must be denied.

WHEREFORE, plaintiff respectfully requests this Court DENY defendant Richard Bucholz, M.D.'s motion to dismiss and grant such other and further relief as the Court deems fair and just under the circumstances.

                      PAUL J. PASSANANTE, P.C.
                      & ASSOCIATES

By:  /s/ Dawn M. Besserman
     Paul J. Passanante, #4033
     Dawn M. Besserman, #513874
     Anna E. Bonacorsi, #5250917
     *Attorneys for Plaintiffs*
     1010 Market Street, Suite 1650
     St. Louis, Missouri 63101
     314/621-8884
     314/621-8885 Fax
     pjp@passanantelaw.com
     dmb@passanantelaw.com
     aeb@passanantelaw.com

## CERTIFICATE OF SERVICE

    I, Dawn M. Besserman, attorney for Plaintiff Allen R. Caldwell, in the above-entitled cause, hereby certify that on the 27th day of September, 2010, I electronically filed the foregoing with the Clerk of the District Court, Eastern Division, using the CM/ECF system, which sent notification of such filing to the following: Stephen G. Reuter, Lashly & Baer, P.C., 714 Locust St., St. Louis, MO 63101, attorney for Defendants St. Louis University and Richard Bucholz, M.D. (sreuter@lashlybaer.com), by electronic mail.

                                            /s/ Dawn M. Besserman